**Lydia PLANAS PENA, in representation of her minor children Jowe and Kervin Alan Cancel Planas, Plaintiff,**

v.

**PUERTO RICO TELEPHONE COMPANY, Connecticut General Life Insurance Company and Gabina Resto, Defendants.**

Civ. No. 87–0908 (PG).

United States District Court,
D. Puerto Rico.

March 10, 1988.

---

Antonio Bauzá Torres, Muñoz Rivera, Guaynabo, P.R., for plaintiff.

Yvonne Aguilú, Arturo Bauermeister, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Before us is co-defendants Puerto Rico Telephone Company's (PRTC) and Connecticut General Life Insurance Company's (Connecticut General) motion for summary judgment. Plaintiff requested thirty additional days to reply and we granted them. More than a month since the thirty-day extension expired, plaintiff has still not replied. We may rule on co-defendants' motion without plaintiffs' reply. Rule 311.14, Local Rules of the U.S. District Court for the District of Puerto Rico.

A brief summary of material facts ensues. Mr. Freddie Cancel was married to plaintiff. They had two children, Jowe and Kervin, represented by plaintiff in this action. Mr. Cancel was employed by PRTC on April 9, 1984.

PRTC sponsored and maintained group life and medical insurance plans for its employees. During 1984 United of Omaha underwrote PRTC's group medical insurance policy. Effective January 1, 1985, co-defendant Connecticut General underwrote PRTC's both medical and life insurance policies.

During the orientation session for new PRTC employees on April 6, 1984, Mr. Cancel elected to participate in his employer's insurance plans. A PRTC's Department of Benefits representative instructed the session's attendants about their rights under the plans. An enrollment and beneficiary designation card was completed by every employee who wanted the plans' coverage. The representative showed them how to fill out these cards. In his card, Mr. Cancel designated his mother, co-defendant Gabina Resto, as beneficiary under the life insurance policy and his two children, Jowe and Kervin, as dependents to be covered by the medical plan.

On July 9, 1984, Mr. Cancel discontinued the coverage of his children under the medical plan. His mother's designation as beneficiary under the life insurance plan was not changed. Two years later, on July 24, 1986, Mr. Cancel died. Following the standard procedures, PRTC processed the application for the life insurance on behalf of Mr. Cancel's mother. Connecticut General then paid her $5,000 on August 27, 1986, and $14,000 on September 20, 1986, totalling the $19,000 of the plan's coverage.

Plaintiff's only claim is for breach of contract. She avers that the PRTC and Connecticut General had to pay Mr. Cancel's children the $19,000 of his life insurance because they were designated as dependents to be included as beneficiaries of the policy. We need not go into the merits of the claim because it is pre-empted by federal law.

The Employment Retirement Income Security Act of 1974 ("ERISA") comprehensively regulates employee welfare plans "to the extent that such plan ... was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) ... the death or unemployment ... benefits...." 29 U.S. C. § 1002(1). The life insurance plan maintained by PRTC falls squarely under ERISA.

Given its purpose of making ERISA the sole body of law governing employee welfare plans, Congress included in the Act three provisions dealing with its pre-emptive effect:

"Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." § 514(a), as set forth in 29 U.S.C. § 1144(a) (pre-emption clause).

Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities. § 514(b)(2)(A), as set forth in 29 U.S.C. § 1144(b)(2)(A) (saving clause).

Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." Section 514(b)(2)(B), 29 U.S.C. § 1144(b)(2)(B) (deemer clause).

The interplay among these provisions has been recently described by the Supreme Court of the United States in *Pilot Life Insurance Company v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The Court held that:

If a state law "relates to ... employee benefit plans," it is pre-empted. § 514(a). The saving clause excepts from the pre-emption clause law that "regulate[s] insurance." 514(b)(2)(A). The deemer clause makes clear that a state law that "purports to regulate insurance" cannot deem an employment benefit plan to be an insurance company.

—— U.S. at ——, 107 S.Ct. at 1552.

As in *Dedeaux*, the state law claim raised here is expressly pre-empted under section 514(a). Breach of contract law clearly "relates to" plaintiff's ERISA plan under the very expansive, common-sense definition that "relates to" must be given in the section 514(a) context. *Id.* Furthermore, the claim is not kept alive by the saving clause. Puerto Rican breach of contract law does not "regulate insurance" under section 514(b)(2)(A). "A common-sense view of the word regulates would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but be specifically directed toward that industry." *Id.* at ——, 107 S.Ct. at 1554. The local breach of contract law is no more "integral" to the insurer-insured relationship than any local contract law is integral to a contract made in Puerto Rico. *Id.*

Our decision not to consider plaintiff's claim is in line with the congressional purpose of making ERISA the only body of law regulating employee benefit plans. The Act includes comprehensive civil enforcement provisions, ERISA 502(a), 29 U.S.C. § 1132(a), intended to be the exclusive remedy for actions by ERISA-plan participants and beneficiaries asserting improper processing of plan-related claims. Plaintiff should have brought an ERISA-based claim. Instead, she chose to bring a pre-empted local claim.

WHEREFORE, for the reasons stated, we hereby GRANT co-defendants Puerto Rico Telephone Company's and Connecticut General Life Insurance Company's motion for summary judgment.

IT IS SO ORDERED.